UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL A. WILSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CAUSE NO. 3:17CV399-PPS |
| v. ) | |
| ) | |
| LIPPERT COMPONENTS INC., ) | |
| ) | |
| **Defendant.** ) | |

## **OPINION AND ORDER**

Michael A. Wilson, representing himself *pro se*, has filed a complaint [DE 1] and an application to proceed *in forma pauperis*, that is, requesting to file his lawsuit without prepaying costs or fees [DE 2]. Pursuant to 28 U.S.C. §1915, indigent litigants have an opportunity to proceed without prepayment of fees, which prevents poverty from becoming an obstacle to the adjudication of legitimate claims in the federal courts. But, pursuant to §1915(e)(2)(B)(ii), a court must dismiss a case filed *in forma pauperis* if it determines that the case is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 511 U.S. 1085 (1994).

Wilson has made use of the court's form Complaint for a Civil Case Alleging Breach of Contract. Wilson is suing his former employer, defendant Lippert Components Inc., alleging that the wrongful termination of his employment breached an employment agreement between them. As the form complaint indicates, subject matter jurisdiction over a breach of contract claim brought in federal court is based on 28 U.S.C. §1332 and its concept of diversity of

citizenship. For the court to have jurisdiction over Wilson's claim, one of the requirements is that he and the defendant he is suing must be "citizens" of different states. As Wilson has indicated in the "Basis for Jurisdiction" section of his complaint, however, both he and defendant Lippert Components are citizens of Indiana. This circumstances means that this federal court cannot exercise jurisdiction over Wilson's case, and the complaint must be dismissed (although without prejudice to being refiled in another court in which jurisdiction might be proper).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, see *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. No amendment could permit Wilson's breach of contract claim to proceed in federal court. The lack of jurisdiction requires the dismissal of the case as legally frivolous under §1915(e)(2)(B)(ii).

ACCORDINGLY:

Plaintiff Michael A. Wilson's application to proceed without prepaying fees or costs [DE 2] is DENIED.

Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), the complaint [DE 1] is DISMISSED without prejudice for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly and this matter will be CLOSED.

SO ORDERED.

ENTERED: June 8, 2017     /s/ Philip P. Simon
                          Judge
                          United States District Court